IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DR. MICHAEL F. FEDERICO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 05-888C
(Judge Horn)

**DEFENDANT'S CORRECTED MOTION TO DISMISS AND APPENDIX**

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

OF COUNSEL:

MEGHAN SERWIN FLANZ
Senior Attorney
Office of General Counsel, PSG III
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

DANA C. HECK
Attorney
Office of Regional Counsel – Region 19
Department of Veterans Affairs
640 East Indian School Road, Bldg. 24
Phoenix, AZ 85012

November 22, 2005

Attorneys for Defendant

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES . . . . . . . . . . ii

QUESTIONS PRESENTED . . . . . . . . . . 1

STATEMENT OF CASE . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . 3

I. Legal Standard for Motions To Dismiss Pursuant To RCFC 12(b)(1) and 12(b)(6) . . . . . 3

A. 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction . . . . . . . . . 3

B. 12(b)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted . . . . . . . . . . 5

II. This Court Does Not Possess Subject Matter Jurisdiction Over The Complaint Because Plaintiff Was Appointed To His Position With The Federal Government . . . . . 6

III. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because Plaintiff Does Not Allege That He Was Denied the Benefits of the Position To Which He Was Appointed . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . 12


APPENDIX


July 28, 2002 SF-50 . . . . . . . . . . 1

July 29, 2002 Appointment Affidavit . . . . . . . . . . 3

# TABLE OF AUTHORITIES

Adams v. United States,
391 F.3d 1212 (Fed. Cir. 2004) . . . . . . . . . . 7

Aerolineas Argentinas v. United States,
77 F.3d 1564 (Fed. Cir. 1996) . . . . . . . . . . 4

Anderson v. United States,
64 Fed. Cl. 759 (2005) . . . . . . . . . . 8

Army & Air Force Exchange Service v. Sheehan,
456 U.S. 728 (1982) . . . . . . . . . . 7

Badgley v. United States,
31 Fed. Cl. 508 (1994) . . . . . . . . . . 10

Boyle v. United States,
200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . 5

Brown v. United States,
105 F.3d 621 (Fed. Cir. 1995) . . . . . . . . . . 9

CTA Inc. v. United States,
44 Fed. Cl. 684 (1999) . . . . . . . . . . 9

Calvin v. United States,
63 Fed. Cl. 468 . . . . . . . . . . 8

Cedars-Sinai Med. Ctr. v. Watkins,
11 F.3d 1573 (Fed. Cir. 1993) . . . . . . . . . . 4

Chu v. United States,
773 F.2d 1226 (Fed. Cir. 1995) . . . . . . . . . . 7

Collier v. United States,
379 F.3d 1330 (Fed. Cir. 2004) . . . . . . . . . . 7

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . 6

Crawford v. United States,
53 Fed. Cl. 191 (2002) . . . . . . . . . . 5

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

D.V. Gonzalez & General Contractors, Inc.,
55 Fed. Cl. 447 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

Deshauteurs v. United States,
39 Fed. Cl. 263 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Dureiko v. United States, ,
42 Fed. Cl. 568 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Eastport Steamship Corp. v. United States,
178 Ct. Cl. 372 F.2d 1002 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 10

Fisher v. United States,
402 F.3d 1167 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Godwin v. United States,
338 F.3d 1374 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hamlet v. United States,
873 F.2d 1414 (Fed. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Henke v. United States,
60 F.3d 795 (Fed. Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Keene Corp. v. United States,
508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Khan v. United States,
201 F.3d 1375 (Fed. Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 11, 12

Kizas v. Webster,
707 F.2d 524 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Leider v. United States,
301 F.3d 1290 (Fed. Cir.2002),
cert. denied, 538 U.S. 978 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Malone v. United States,
849 F.2d 1441 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Maniere v. United States,
31 Fed. Cl. 410 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Morris v. United States,
33 Fed. Cl. 733 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Murphy v. United States,
993 F.2d 871 (Fed. Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

New York Life Ins. Co. v. United States,
190 F.3d 1372 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pijanowski v. United States,
60 Fed. Cl. 628 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pixton v. B & B Plastics, Inc.,
291 F.3d 1324 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Ralston Steel Corp. v. United States,
340 F.2d 663 (Ct. Cl.1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Schweiger Constr. Co., Inc. v. United States,
49 Fed. Cl. 188 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Somali Development Bank v. United States,
205 Ct. Cl. 508 F.2d 817 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Stephenson v. United States,
58 Fed. Cl. 186 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summit Contractors, Inc. v. United States,
22 Cl. Ct. 54 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Taylor v. United States,
303 F.3d 1357 (Fed. Cir. 2002) . . . . . . . . . . 3

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983),
cert. denied, 465 U.S. 1065 (1984) . . . . . . . . . . 11

United States v. Hopkins,
427 U.S. 123 (1976) . . . . . . . . . . 6

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . 4

United States v. McLean,
95 U.S. 750 (1878) . . . . . . . . . . 11

United States v. Neustadt,
366 U.S. 696 (1961) . . . . . . . . . . 9

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . 4, 11

## STATUTES

28 U.S.C. § 1491 . . . . . . . . . . 4, 6, 8

38 U.S.C. § 7401 . . . . . . . . . . 3, 6, 8, 9, 12

38 U.S.C. § 7404 . . . . . . . . . . 8, 9

38 U.S.C. § 7405(a)(2) . . . . . . . . . . 8, 9

38 U.S.C. § 7462 . . . . . . . . . . 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DR. MICHAEL F. FEDERICO,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 05-888C<br>(Judge Horn) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant respectfully requests the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint and the following brief, with appendix.[1]

**DEFENDANT'S BRIEF**

**QUESTIONS PRESENTED**

1. Whether this Court lacks subject matter jurisdiction to entertain plaintiff's claim for breach of an employment contract when he was appointed to his position with the Department of Veterans Affairs ("VA") pursuant to statute, and plaintiff's claims for misrepresentation and negligent misrepresentation sound solely in tort?

[1] Our reliance upon materials outside the pleadings does not call for consideration of our motion to dismiss as one for summary judgment. Solely for purposes of our motion, we presume the factual allegations in plaintiff's complaint to be true and correct. Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 747 (Fed. Cir.1988). Nevertheless, the Court may inquire, by affidavits or otherwise, into facts necessary to support jurisdiction and may resolve disputed facts without converting the motion to dismiss into a motion for summary judgment. Maniere v. United States, 31 Fed. Cl. 410, 413-14 (1994); Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (1991).

2. Whether the complaint fails to state a claim upon which relief can be granted because the complaint does not allege facts demonstrating that plaintiff was denied the benefits of the position to which he was appointed?

## STATEMENT OF CASE

Plaintiff alleges that he is a "podiatric surgeon" who practiced in Albuquerque, New Mexico for 24 years before he was hired by VA. Compl.[2] ¶ III. He has been employed at the Veterans Affairs Medical Center ("VAMC") in Las Vegas, Nevada since July 28, 2002. Id. ¶ V.

Plaintiff asserts that he entered into an employment contract with VA, and that VA breached this alleged employment contract. Id. ¶ VII. He alleges that VA representatives induced him to quit his private practice in Albuquerque by offering him a salary of $138,500, but that after he moved to Las Vegas, he learned that the salary for his position would be $84,245. Id. ¶¶ III-VI. Plaintiff alleges that in September 2000, the Chief of Surgery at the Las Vegas VAMC told him that the salary would be "$138,500 plus locality pay," and that in 2002, VA human resources representatives told him that "his salary would definitely be at the GS 15, Step 10 level, which was $138,500." Id. ¶¶ III, V.[3] Based upon these same alleged facts, plaintiff also asserts claims for misrepresentation and negligent misrepresentation in addition to his breach of contract claim. Id. X-XIII.

An SF-50 records that VA appointed Dr. Federico to a position as a podiatrist pursuant to 38 U.S.C. § 7401(1) effective July 28, 2002. Def. App.[4] 1, Boxes 4, 5, 15. The "Remarks"

---

[2] "Compl." refers to plaintiffs' first amended complaint, filed August 15, 2005.

[3] According to the OPM website, the GS-15, Step 10 salary was $116, 633 in 2002. http://www.opm.gov/oca/02tables/indexGS.htm,

[4] "Def. App." refers to the appendix filed by defendant with this motion to dismiss.

section of the SF-50 states "Appointment Affidavit Executed 07-29-2002." Id., Box 45. The SF-61 Appointment Affidavit that plaintiff signed on July 29, 2002 states "Position to which appointed" underneath the term "podiatrist." Def. App. 3. Plaintiff is described as "appointee" underneath the signature line on the Appointment Affidavit. Id. The SF-50 records that plaintiff's pay grade was "Senior, Step 07," and his basic pay was shown as $84,245, with a locality adjustment of $7,279, producing a total salary of $91,524. Def. App. 1, Boxes 18-20.

## ARGUMENT

### I. Legal Standard for Motions To Dismiss Pursuant To RCFC 12(b)(1) and 12(b)(6)

#### A. Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") governs dismissal of a claim for lack of subject matter jurisdiction. RCFC 12(b)(1). In ruling on a Rule 12(b)(1) motion to dismiss, the court "view[s] the alleged facts in the complaint as true," Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002), and "draw[s] all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir.1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974)). However, plaintiff, as the non-moving party, bears the burden of establishing jurisdiction by a preponderance of the evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir.1988). If the defendant contends that the court does not possess jurisdiction to decide the case, the court may consider evidence outside the pleadings to resolve the issue. Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir. 1996) (citing Reynolds, 846 F.2d at 747); Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

The United States Court of Federal Claims is a court of "limited jurisdiction." United States v. King, 395 U.S. 1, 3 (1969). The Tucker Act, 28 U.S.C. § 1491 (2000), confers upon this Court jurisdiction over claims for money damages against the United States founded upon "any Act of Congress or any regulation of an executive department." 28 U.S.C. § 1491(a)(1) (1994).

The Tucker Act does not create any substantive right enforceable against the sovereign. United States v. Testan, 424 U.S. 392, 398 (1976); Khan v. United States, 201 F.3d 1375, 1377 (Fed. Cir.2000); Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, "to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." Khan, 201 F.3d at 1377.

The general rule is that this court possesses jurisdiction over a case if a claimant makes a non-frivolous allegation that he is "entitled to money from the United States because a statute or regulation grants him that right," or because a contract or constitutional provision creates an equivalent right. Ralston Steel Corp. v. United States, 340 F.2d 663, 667 (Ct. Cl.1965); see also Stephenson v. United States, 58 Fed. Cl. 186, 192 (2003) ("[W]e are not empowered by Congress to recognize '*every* claim [against the United States] involving or invoking the Constitution, a federal statute, or a regulation.' Rather, [we] may only hear claims seeking primarily *monetary relief* against the United States government based upon 'money-mandating' provisions of the Constitution, acts of Congress, or executive regulations, to which the plaintiff alleges a specific entitlement." (quoting Eastport, 372 F.2d at 1007) (footnote and citations omitted), overruled on other grounds by Malone v. United States, 849 F.2d 1441, 1444-45 (Fed.

Cir.1998).

As the United States Court of Appeals for the Federal Circuit recently stated: "When a complaint is filed alleging a Tucker Act claim ... the trial court at the outset shall determine ... whether the Constitutional provision, statute, or regulation is one that is money-mandating. . . . If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction." Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

**B. Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted**

Like a motion to dismiss for lack of jurisdiction, the Court reviews a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted by accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in favor of the plaintiff. Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Dismissal for failure to state a claim upon which relief can be granted "is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy." Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000) (citing New York Life Ins. Co. v. United States, 190 F.3d 1372, 1377 (Fed. Cir. 1999)).

"Dismissal by this court under [Rule 12(b)(6)] constitutes an adjudication on the merits of a claim." Crawford v. United States, 53 Fed. Cl. 191, 192 (2002) (citation omitted), and "is proper only when a plaintiff 'can prove no set of facts in support of his claim which would entitle him to relief,'" Leider v. United States, 301 F.3d 1290, 1295 (Fed.Cir.2002) (quoting Conley v. Gibson, 355 U.S. 41, 45- 46 (1957)), cert. denied, 538 U.S. 978 (2003). Further, "[t]o avoid dismissal for failure to state a claim upon which relief may be granted, plaintiff's claim must be

both within the court's jurisdiction and justiciable." Deshauteurs v. United States, 39 Fed. Cl. 263, 268 (1997). Distinct from jurisdiction, justiciability requires that the court possesses the "ability to supply relief." Murphy v. United States, 993 F.2d 871, 872 (Fed.Cir.1993).

## II. This Court Does Not Possess Subject Matter Jurisdiction Over the Complaint Because Plaintiff Was Appointed to His Position with the Federal Government

Dr. Federico was appointed to his position pursuant to the statutory authority that Congress delegated to the Secretary of Veterans Affairs to appoint doctors and other medical personnel. Section 7401 of Title 38, United States Code, headed “Appointments in Veterans Health Administration,” provides that “[t]here may be appointed by the Secretary such personnel as the Secretary may find necessary for the health care of veterans,” including “(1) Physicians, dentists, podiatrists . . . .” 38 U.S.C. § 7401(1). The SF-50 that records plaintiff’s appointment to his position with VA records that he was appointed pursuant to 38 U.S.C. § 7401. Def. App. 1, Box 5. He signed an “Appointment Affidavit” that recorded his appointment to the position of podiatrist. Id. 3.

This Court does not possess jurisdiction over claims for breach of employment contract that are filed by plaintiffs who are employed by appointment rather than by contract. “[I]f [plaintiff’s] employment was by ‘appointment,’ a breach of contract against the government would be precluded” pursuant to the Tucker Act, 28 U.S.C. § 1491. Hamlet v. United States, 873 F.2d 1414, 1417 n.5 (Fed. Cir. 1989) (citing United States v. Hopkins, 427 U.S. 123, 128 (1976)); Army & Air Force Exchange Service v. Sheehan, 456 U.S. 728, 738 (1982). The Federal Circuit has stated that there is a “well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the

government." Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1995).

In Hamlet, the court found that "[n]othing in the record rebuts the presumption that a federal employee is employed by appointment and not by contract or quasi-contract," and held that "Hamlet's breach of contract count does not provide for a substantive right to money damages and cannot provide for jurisdiction under the Tucker Act." 63 F.3d 1097, 1102 (Fed. Cir. 1995). More recently, the Federal Circuit affirmed the dismissal of an action for lack of subject matter jurisdiction because "[a]s an appointed employee, [plaintiff] did not have an employment contract with the government, and did not acquire such a contract through his job description or performance plan." Collier v. United States, 379 F.3d 1330, 1332 (Fed. Cir. 2004). The court stated that "no statute or regulation granted his supervisor the authority to enter into an employment contract by way of a Performance Plan that might change the conditions and pay of employment." Id. at 1331.

As the court stated in another recent case, "[l]ike all federal employees, Appellant served by appointment. The terms of their employment and compensation, consequently, were governed exclusively by statute, not contract. They had not, and could not have, entered into any separate agreement with the Government, express or implied, for additional overtime compensation beyond that to which they were entitled by the applicable statute." Adams v. United States, 391 F.3d 1212, 1221 (Fed. Cir. 2004); Kizas v. Webster, 707 F.2d 524, 535 (D.C. Cir. 1983) ("courts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel. These cases have involved, inter alia, promises of an appointment to a particular grade or step level").

In accord with this Supreme Court and Federal Circuit authority, this Court has recently dismissed for lack of subject matter jurisdiction numerous suits filed by appointed Federal employees who asserted breach of contract claims. Anderson v. United States, 64 Fed. Cl. 759, 762 (2005) ("Suits by appointed government employees for breach of employment contracts do not fall within the scope of [28 U.S.C.] section 1491(a)(1)"); Calvin v. United States, 63 Fed. Cl. 468, 473 ("plaintiffs are appointees, and their claims of breach of employment contract are precluded"); Pijanowski v. United States, 60 Fed. Cl. 628, 632 (2004) ("[a]ppointment to a federal position is contrary to the establishment of a contractual relationship"); Troutman v. United States, 51 Fed. Cl. 527, 533 (2002) ("if plaintiff was employed by virtue of an appointment, rather than by virtue of an employment contract, this Court lacks jurisdiction under the Tucker Act to hear plaintiff's claim for breach of contract").

In Pijanowski, the court stated that the plaintiff "was appointed as a physician by the VA pursuant to 38 U.S.C. § 7405(a)(2)." 60 Fed. Cl. at 629. The Court noted that "[s]ection 7405 explicitly states that the VA Secretary may 'employ' physicians on a fee basis and prescribed the rate of pay." Id. at 631. The Court contrasted the plaintiff's appointment to "statutory appointments made pursuant to section 7401," whose pay grade is governed by executive order or otherwise provided in 38 U.S.C. § 7404(b). Id. The Court also noted that the Federal Circuit had characterized a physician who was appointed pursuant to 38 U.S.C. § 7401 as being "employed" by VA. Id. (citing Khan, 201 F.3d at 1376).

Because plaintiff was appointed pursuant to 38 U.S.C. § 7401, his salary and the other terms and conditions of his employment were governed by statute and executive order, not by contract. The pay for doctors and podiatrists appointed by VA is not set by contract or according

to the General Schedule ("GS") scale for Civil Service employees, as plaintiff asserts, but is set by statute and Executive order according to a pay system that is specific to VA. Section 7404 of Title 38 provides that "[t]he grades for positions provided for in paragraph (1) of section 7401 of this title shall be as follows. The annual ranges of rates of basic pay for those grades shall be prescribed from time to time by Executive order as authorized by chapter 53 of title 5 or as otherwise authorized by law." 38 U.S.C. § 7404(b)(1).[5] Because plaintiff was appointed to his position pursuant to 38 U.S.C. § 7401, he had no employment contract that could provide a basis for this Court to exercise jurisdiction over his claim for breach of employment contract.

The Court also does not possess jurisdiction over plaintiff's claims for misrepresentation and negligent misrepresentation, because these claims sound in tort. Compl. ¶¶ X-XIII. "The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States." Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1995) (citing Keene Corp. v. United States, 508 U.S. 200, 214 (1993)). The Court of Claims has ruled that "[t]he decision of the Supreme Court in United States v. Neustadt, 366 U.S. 696 (1961), removes any doubt that claims based on negligent misrepresentation, wrongful inducement, or the careless performance of a duty allegedly owed, are claims sounding in tort." Somali Development Bank v. United States, 205 Ct. Cl. 741, 749, 508 F.2d 817, 821 (1974).

This Court, however, has recognized an exception to the general rule where claims are

[5] In 2002, the minimum base salary for a senior grade podiatrist such as plaintiff was $70,205, and the maximum was $91,265. Exec. Order No. 13,249, 67 Fed. Reg. 639 (Dec. 28, 2001), codified as a statutory note following 38 U.S.C. § 7404 (2002). Plaintiff's SF-50 records his base pay as $84,245. Def. App. 1, Box 20A.

based on a "tortious breach" of a Government contract. D.V. Gonzalez & General Contractors, Inc., 55 Fed. Cl. 447, 459 (2003) (citing Morris v. United States, 33 Fed. Cl. 733, 742 (1995) and Summit Contractors, Inc. v. United States, 22 Cl. Ct. 54, 56 (1990)). The exception applies where the plaintiff's tort claim is "'entirely dependent on, and in fact evolves from the contract.'" CTA Inc. v. United States, 44 Fed. Cl. 684, 698 (1999) (quoting Dureiko v. United States, 42 Fed. Cl. 568, 582 (1998)). Here, because the Court does not possess jurisdiction over plaintiff's breach of employment contract, the Court also lacks jurisdiction over plaintiff's claims for misrepresentation and negligent misrepresentation, because they are in substance a "'claim for breach of contract by misrepresentation.'" Schweiger Constr. Co., Inc. v. United States, 49 Fed. Cl. 188, 206 (quoting Badgley v. United States, 31 Fed. Cl. 508, 514 (1994)).

Moreover, plaintiff has not alleged any applicable money-mandating statute that provides jurisdiction over his claims. In a suit brought pursuant to the Tucker Act, the plaintiff must identify some specific provision of law that mandates payment, by the Government, to the plaintiff. This is a jurisdictional prerequisite for maintaining a suit in this Court. E.g., Testan, 424 U.S. 398-400; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Because plaintiff has failed to identify an applicable money-mandating provision upon which to rest his claims, this Court should dismiss his complaint pursuant to RCFC 12(b)(1). Testan, 424 U.S. at 398-400.

## III. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because Plaintiff Does Not Allege That He Was Denied the Benefits of the Position To Which He Was Appointed

As noted above, plaintiff was appointed to his position pursuant to 38 U.S.C. § 7401. The SF-50 records that he was appointed a podiatrist at the "Senior" level, "step 07" under VA's

pay scale system. Def. App. 1. According to the complaint, plaintiff alleges that he was told by VA human resources representatives that he "would definitely be at the GS 15, Step 10 level." Compl. ¶ V. In this suit, Dr. Federico seeks "[i]njunctive relief enforcing the contract which was entered into between the Plaintiff and the VA," together with back pay and other relief. Compl. ¶ Prayer for Relief. In short, plaintiff does not allege that he has been denied the benefits of the position to which he was appointed, but rather that he has been denied the benefits of a position to which he should have been, but was not, appointed.

It has long been established, however, that "one is not entitled to the benefit of a position until he has been duly appointed to it." United States v. Testan, 424 U.S. 392, 402 (1976) (citing United States v. McLean, 95 U.S. 750 (1878)). As stated by the Supreme Court in McLean:

> [C]ourts cannot perform executive duties, or treat them as performed when they have been neglected. They cannot enforce rights which are dependent for their existence upon a prior performance by an executive officer of certain duties he has failed to perform.

95 U.S. at 753.

Plaintiff fails to cite any provisions that expressly make the United States liable for pay lost through allegedly improper appointment. See United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983), cert. denied, 465 U.S. 1065 (1984). Therefore, plaintiff has failed to state a claim upon which relief can be granted in this Court. Testan, 424 U.S. at 403-04; accord McLean, 95 U.S. at 753.

**CONCLUSION**

For these reasons, we respectfully request that the Court grant our motion to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

s/ John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

OF COUNSEL:

MEGHAN SERWIN FLANZ
Senior Attorney
Office of General Counsel, PSG III
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

DANA C. HECK
Attorney
Office of Regional Counsel – Region 19
Department of Veterans Affairs
640 East Indian School Road, Bldg. 24
Phoenix, AZ 85012

November 22, 2005

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on this 22nd day of November, 2005, a copy of the foregoing "DEFENDANT'S CORRECTED MOTION TO DISMISS AND APPENDIX" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s John H. Williamson