IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DR. MICHAEL F. FEDERICO, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-888C<br>(Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims, defendant respectfully files this reply in support of its motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

**ARGUMENT**

Dr. Federico asserts that his lawsuit "is not based upon his appointment, it is based upon the oral promises that induced him to quit his job in Albuquerque and move to Las Vegas," which he claims formed an enforceable "oral contract" concerning the salary that he would receive when he was appointed as a podiatrist with the Department of Veterans Affairs ("VA"). Pl. Opp.[1] 3. Dr. Federico asserts that VA breached this alleged oral contract by appointing him at an annual salary of only $84,245, rather than paying him the $138,500 annual salary that he alleges he was promised before he moved to Las Vegas. Id. 2. According to Dr. Federico, this alleged oral contract remains enforceable because it preceded his appointment. Id. 2-3.

Numerous Federal Circuit decisions that are cited in our motion to dismiss have rejected

[1] "Pl. Opp." refers to plaintiff's opposition, which was served by U.S. Mail on December 14, 2005.

any possibility that a contract can be formed at any time between the Government and a prospective employee who is considered for an appointed position, as was Dr. Federico. The terms of his employment were set by a statutory framework, not by contract. Adams v. United States, 391 F.3d 1212, 1221 (Fed. Cir. 2004); Collier v. United States, 379 F.3d 1330, 1332 (Fed. Cir. 2004); Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1417 n.5 (Fed. Cir. 1989). As the Federal Circuit has stated, appointed Federal employees "had not, and could not have, entered into any separate agreement with the Government, express or implied" for compensation beyond what they were entitled to receive by statute. Adams, 391 F.3d at 1221 (emphasis added).

Although all the Federal Circuit decisions cited above have involved current or former employees, rather than prospective employees, this Court, in three recent decisions cited in our motion to dismiss, has dismissed the same claim asserted by Dr. Federico: that pre-employment discussions with a prospective Federal employee can give rise to an implied-in-fact oral contract that governs the terms of employment. Calvin v. United States, 63 Fed. Cl. 468 (2005); Anderson v. United States, 64 Fed. Cl. 759 (2005); Pijanowski v. United States, 60 Fed. Cl. 628 (2004).

In Calvin, Transportation Security Administration employees asserted that they received written offers of conditional appointment at salaries that considerably exceeded the salaries of the positions to which they were ultimately appointed. 63 Fed. Cl. at 470. The plaintiffs claimed that their offers of conditional appointment were binding contracts, just as Dr. Federico asserts that his alleged discussions with VA representatives before he moved to Las Vegas formed an oral contract requiring VA to pay him a salary of $138,500. Id. at 471-72. The Court

rejected the plaintiffs' assertion, relying in part on their execution of appointment affidavits, which Dr. Federico, too, executed. Id. at 473. The Court held that "plaintiffs are appointees, and their claims of breach of employment contract are precluded," and dismissed the claim. Id.

In Anderson, air traffic controllers asserted that representations about the terms of their employment that allegedly induced them to transfer to a new division were contractually binding. 64 Fed. Cl. at 760-61. The plaintiffs, relying upon Minnesota state law concerning at-will employment relationships, contended that an appointed employment relationship could change over time based upon actions taken by the parties. Id. at 763. The Court rejected this assertion, and relying upon Collier and Adams, dismissed the claim because the plaintiffs' "pay and benefits are set by statute, not by contract." Id.

In Pijanowski, the plaintiff, a VA doctor, asserted that "alleged oral promises he received during the interview process" from the VA medical center director about the minimum number of hours he would work resulted in an implied-in-fact contract. 60 Fed. Cl. at 630. However, the Court found that because the statute pursuant to which the plaintiff was appointed, 38 U.S.C. § 7405, did not provide a guaranteed minimum number of hours, the plaintiff was "on notice that his statutory appointment did not provide for a full-time or even part-time basis." Id. at 631. The Court also noted that "[a]ppointment to a federal position is contrary to the establishment of a contractual relationship." Id. at 632. The Court concluded that it was required to dismiss the plaintiff's claim. Id.

The Court should reach the same conclusion in this case, and dismiss Dr. Federico's claim. Because he was offered an appointed position, it was not possible for him to enter any oral contract regarding the salary that he would be paid, even if this alleged contract were

entered before his appointment. Such an oral contract cannot be formed for an appointed position, whose terms are set by statute, not by contract.

Contrary to what Dr. Federico asserts, the Court should not reach the question of whether the VA representatives who made the alleged representations to Dr. Federico possessed authority to bind the Government in contract. Pl. Opp. 3. The only Federal Circuit decision cited by Dr. Federico in support of this assertion involved an alleged oral contract that was asserted by a confidential informant, who, unlike Dr. Federico, was never offered an appointed position with the Government. Id. (citing Salles v. United States, 156 F.3d 1383 (Fed. Cir. 1998)). An appointed position is by its very nature incompatible with an employment contract, so no contract could be formed regarding the terms of employment for an appointed position, even by a contracting officer or other person authorized to bind the Government in contract. Although this Court does possess jurisdiction over certain forms of oral contracts, it does not possess jurisdiction over an oral contract regarding the terms of employment for an appointed position, as Dr. Federico asserts. Pl. Opp. 3.

Dr. Federico's breach of contract claim is inconsistent with numerous decision of the Federal Circuit holding that no contract can be formed regarding the terms of an appointed position. Adams, 391 F.3d at 1221; Collier, 379 F.3d at 1332; Chu, 773 F.2d at 1229; Hamlet, 873 F.2d at 1417 n.5. Dr. Federico has failed to address, let alone distinguish, these cases. Thus, the Court should dismiss Dr. Federico's claim.

**CONCLUSION**

For these reasons, we respectfully request that the Court grant our motion to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin by David M. Cohen

BRIAN M. SIMKIN
Assistant Director

s/ John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L St., N.W., 8th floor
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

OF COUNSEL:

MEGHAN SERWIN FLANZ
Senior Attorney
Office of General Counsel, PSG III
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

DANA C. HECK
Attorney
Office of Regional Counsel – Region 19
Department of Veterans Affairs
640 East Indian School Road, Bldg. 24
Phoenix, AZ 85012

January 3, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on this 3rd day of January, 2006, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s John H. Williamson