**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **Dr. MICHAEL F. FEDERICO** ) | |
| **vs.** ) | **No. 05-888C** **(Judge Horn)** |
| **THE UNITED STATES** ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

January 23, 2006.

RICHARD SEGERBLOM, ESQ.
704 South Ninth Street
Las Vegas, NV 89101
Tel: (702)-388-9600
Fax: (702)-385-2909
Attorney for Plaintiff

**TABLE OF CONTENTS**

PLAINTIFF'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The Defendant Has Mischaracterized the Nature of Federico's Complaint . . . . . . . . 3

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

Ralston Steel Corp. v. United States, 340 F.2d 663, 667 (Ct. Cl. 1965) . . . . . . . . . . . . . . . . . . 3

Salles v. United States, 156 F.3d 1383 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Comes now Plaintiff and opposes the Defendant's motion to dismiss on the grounds that his complaint states a valid breach of contract claim.

## PLAINTIFF'S BRIEF

## QUESTIONS PRESENTED

1. Whether Plaintiff has stated a valid breach of contract claim based upon allegations that he was induced to quit his job, sell his house and move 1000 miles based upon oral promises that he would have a job and be paid a certain amount if he moved from New Mexico to Las Vegas, Nevada?

## STATEMENT OF THE CASE

Plaintiff Michael Federico was a podiatrist practicing in Albuquerque, New Mexico for 24 years. In 2000 he was contacted by representatives from the Veteran's Hospital in Las Vegas, Nevada concerning a possible position with the hospital. During the next two years he visited Las Vegas, met with the staff, took and passed the Nevada State Medical Exam, quit his private practice, sold his home, and moved to Las Vegas. Federico alleges he took all these steps based upon the oral promise by authorized VA officials that he would be paid $138,500 per anum.

Unfortunately, when Federico showed up for work at the Las Vegas Veteran's Hospital he was told that he would be paid only $84,245, and he subsequently learned that the VA had determined this would be his salary in May, 2002, two months before he moved to Las Vegas. Of course no one bothered to tell him that his salary would be $55,000 less than what he was promised.

Federico now brings this breach of contract action seeking to enforce the oral promises that were made to him. Federico is not alleging that once he was hired the government breached his contract or appointment, as the government describes his status. Federico is alleging that prior to his being hired he received an oral promise and that based upon that promise he took

steps which enable him to enforce that promise.

## ARGUMENT

### A. The Defendant Has Mischaracterized the Nature of Federico's Complaint

The government's motion asserts that Federico's lawsuit must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). The basis for this argument is the Government's assertion that Federico was appointed to his position with the VA and is not covered by a contract.

However, this is a mischaracterization of Federico's claim. To survive a motion to dismiss, a Plaintiff's complaint must "give the Defendant fair notice of what Plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Federico's lawsuit clearly states that it is not based upon his appointment, it is based upon the oral promises that induced him to quit his job in Albuquerque and move to Las Vegas. This is an oral contract which is legally enforceable because Federico took steps in reliance upon the oral representation that adversely impacted him.

The government admits that this court possesses jurisdiction if a claimant asserts he is entitled to money from the United States because of a contract. Ralston Steel Corp. v. United States, 340 F.2d 663, 667 (Ct. Cl. 1965). Oral contracts are enforceable against the government provided they are made by government employees who had actual or implied authority to bind the United States. Salles v. United States, 156 F.3d 1383 (Fed. Cir. 1998). The government does not assert in it motion that the oral agreement which Federico alleges was not made by someone with actual or implied authority, so at least for purposes of this motion, it must be assumed that the oral agreement is valid.

/

/

/

Accordingly, Federico believes the motion at hand must be denied. It may be that after discovery has been conducted the government believes the oral agreement is not valid, or that it was not made by someone with binding authority, but for purposes of a motion to dismiss, the allegations contained in Federico's complaint are sufficient to proceed.

DATED this 23rd day of January , 2006.

s/ Richard Segerblom
RICHARD SEGERBLOM, ESQ.
704 South Ninth Street
Las Vegas, NV 89101
Tel: (702)-388-9600
Fax: (702)-385-2909
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

______I hereby certify that on the 23rd day of January, 2006, I served the foregoing by **CM/ECF Filing** - with the United States Court of Federal Claims. I understand that a notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John H. Williamson, Esq.
Commercial Litigation Branch, Civil Division
US Dept. of Justice
1100 L St NW 8th Floor
Washington, DC 20530

Meghan Serwin Flanz, Esq.
Office of the General Counsel, PSG III
Dept of Veterans Affairs
810 Vermont Ave NW
Washington DC 20420

Dana C Heck, Esq.
Office of Regional Counsel - Region 19
Dept of Veterans Affairs
640 E Indian School Rd Bldg 24
Phoenix AZ 85012

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2006, at Las Vegas, Nevada.

______s/ John Greer____________
John Greer, employee of
RICHARD SEGERBLOM, ESQ.
Attorney for Plaintiff